### DEDERS v. WOOD.

(Supreme Court, Appellate Term, First Department.   June 14, 1915.)

COURTS ⬤�longdash190—MUNICIPAL COURTS—APPEAL—RETURN—CORRECTION.

On appeal from the Municipal Court, the stenographer's report showed that the court interrupted the examination of defendant's witness by asking several questions, and then the record showed the entry: "Body execution asked for.  Judgment rendered for the plaintiff for $49, with body execution against defendant."  *Held*, that the return should be remitted

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the trial justice, to make return showing whether or not, at the time judgment was so directed, the defendant had rested his case.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ☞190; Appeal and Error, Cent. Dig. § 103.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Frederick Deders against Joseph M. Wood. From a judgment for plaintiff, defendant appeals. Return remitted for correction.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Louis J. Rosett, of New York City (Allan A. Deutsch, of New York City, of counsel), for appellant.

George R. Simpson, of New York City (Louis Susman, of New York City, of counsel), for respondent.

PER CURIAM. The stenographer's minutes, contained in the record upon the appeal herein, show that as a witness named Ungar, who had been sworn on behalf of the defendant, was being examined in chief, the court below interrupted the examination, asked several questions, and the record then shows this:

"Body execution asked for. Judgment rendered for the plaintiff for $49, with body execution against the defendant. Exception taken by defendant."

It does not appear that defendant had rested his case, and his taking an exception to the action of the court would plainly indicate that he had not, and this is one ground of error urged upon this appeal. Under such circumstances the return should be remitted to the lower court, and the trial justice required to return whether or not, at the time judgment was so directed, the defendant had finished his testimony and rested his case.